[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10801
Non-Argument Calendar
_____

Agency No. A070-449-510


ALBAN LUKAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 26, 2019)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Alban Lukaj, a native and citizen of Albania who became a lawful permanent resident of the United States, petitions for review of an order affirming the denial of his applications for asylum, 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i), for withholding of removal, *id.* § 1231(b)(3)(B)(ii), and for cancellation of removal, *id.* § 1229b(a). Lukaj challenges the finding that his conviction for aggravated battery with a firearm, Fla. Stat. §§ 784.045(1), 775.087(2), qualifies as an aggravated felony, 8 U.S.C. § 1101(a)(43)(F), under the residual cause of the definition of crime of violence, 18 U.S.C. § 16(b), that renders him ineligible for relief from removal. After Lukaj filed his petition, we stayed briefing until the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We grant in part Lukaj's petition challenging the denial of his applications for relief for removal and remand to the Board of Immigration Appeals. Lukaj also petitioned us to review the denial of his motion to recuse the immigration judge, but we dismiss that part of his petition for lack of jurisdiction.

## I. BACKGROUND

In 2015, the Department of Homeland Security charged Lukaj, a refugee who became a lawful permanent resident in 1993, as removable. The notice to appear charged Lukaj for violating a law relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i); committing an aggravated felony consisting of an offense relating to the illicit trafficking in a controlled substance, *id.*

2

§ 1227(a)(2)(A)(iii); violating a law regarding possessing a firearm, *id.* § 1227(a)(2)(C); and committing an aggravated felony constituting a crime of violence, *id.* § 1227(a)(2)(A)(iii). The Department based its charges on Lukaj's pleas of guilty in 2009 to conspiring to traffic and for trafficking more than 400 grams of methylenedioxymethamphetamine, Fla. Stat. § 893.135(1)(k), (5), that resulted in a sentence of four years of imprisonment and on his plea of guilty in 2010 to aggravated battery, *id.* § 784.045(1), for which he received an enhanced sentence of ten years of imprisonment based on his use of a firearm during the crime, *id.* § 775.087(2).

An immigration judge found that Lukaj was removable based on his prior convictions for aggravated battery and for possessing a firearm. *See id.* § 1227(a)(2)(A)(iii), (a)(2)(C). The immigration judge granted Lukaj leave to file an application for relief from removal. Lukaj moved the immigration judge to reconsider and to dismiss the charge of removability based on his conviction for aggravated battery. Lukaj argued that the residual clause of the statute, 18 U.S.C. § 16(b), was unconstitutional, his prior conviction no longer qualified as a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and his prior conviction did not satisfy the elements clause of the statute, 18 U.S.C. § 16(a). The immigration judge denied Lukaj's motion.

3

Lukaj filed applications for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment, 8 U.S.C. §§ 1158(b), 1231(b)(3), and for cancellation of removal, *id.* § 1229b(a). After a hearing, the immigration judge denied Lukaj's applications. The immigration judge found that Lukaj was removable. The immigration judge determined that Lukaj's convictions for conspiring to traffic and for trafficking in methylenedioxymethamphetamine, Fla. Stat. § 893.135(1)(k), (5), constituted illicit trafficking in a controlled substance based on the large quantity of drugs involved, 8 U.S.C. § 1227(a)(2)(A)(iii), and qualified as aggravated felonies, *id.* § 1101(a)(43)(B). The immigration judge also determined that Lukaj's conviction for aggravated battery qualified as a crime of violence under the residual clause of the statute, 18 U.S.C. § 16(b), but not under its elements clause, *id.* § 16(a). Additionally, the immigration judge determined that Lukaj's convictions for drug offenses constituted violations of a law relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i), and that his "conviction for aggravated battery with a firearm [was] categorically a firearm offense" for which he was removable, *id.* § 1227(a)(2)(C).

The immigration judge also found that Lukaj failed to qualify for relief from removal and ordered him removed to Serbia, or in the alterative, to Albania. The

4

immigration judge determined that Lukaj was ineligible for cancellation of removal based on the aggravated felonies of conspiring to traffic and of trafficking in methylenedioxymethamphetamine and of aggravated battery, *see id.* § 1229b(a), and that those three particularly serious crimes barred Lukaj from seeking asylum, *see id.* § 1158(b)(2)(A)(ii), (b)(2)(B)(i). Because, "for purposes of removal, an aggravated felony which incurs an aggregate term of imprisonment of at least five years is a *per se* [particularly serious crime]," the immigration judge determined that Lukaj's "ten-year imprisonment sentence for aggravated battery with a firearm" rendered him ineligible for withholding of removal. *See* 8 C.F.R. § 1208.16(d)(2). The immigration judge also denied Lukaj's application for deferral of removal under the Convention for failure to prove he suffered past torture that "evinc[ed] a likelihood of *future* torture" and "to show that public officials would inflict or acquiesce to torture at his expense." *See id.* § 1208.18(a)(2).

Lukaj appealed to the Board, and the Department moved for summary affirmance. The Department "submit[ted] that the Immigration Judge reached the correct decision" and "incorporate[d] and adopt[ed] the order of March 15, 2016, by [the] Immigration Judge . . . in its entirety." The Department expressed a "belie[f] [that] the [immigration judge] [was] correct in each and every one of her factual findings and legal conclusions . . . ."

5

The Board dismissed Lukaj's appeal. The Board rejected Lukaj's argument that the immigration judge should have recused, and the Board stated that Lukaj did not challenge the finding that he was removable for violating a law relating to a controlled substance. "Like the Immigration Judge, [the Board] conclude[d] that [Lukaj's] 2010 Florida conviction for aggravated battery [was] an aggravated felony that render[ed] him ineligible for asylum, cancellation of removal, and withholding of removal" because it "qualifie[d] categorically as a crime of violence under 18 U.S.C. § 16(b)." The Board found "it unnecessary to decide whether the imposition of [the firearm] enhancement ma[de] [Lukaj's] aggravated battery offense a 'firearm offense' under section 237(a)(2)(C) of the Act" and "express[ed] no present opinion as to whether his 2009 conviction[s] w[ere] also for an aggravated felony under section 101(a)(43)(B)."

## II. STANDARD OF REVIEW

"We review the decision of the Board and the decision of the Immigration Judge to the extent that the Board expressly adopted the opinion of the Immigration Judge." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We review *de novo* whether a petitioner's conviction qualifies as an "aggravated felony." *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335 (11th Cir. 2011). We also review *de novo* "constitutional challenges, including alleged due

process violations." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

## III. DISCUSSION

Lukaj argues that he is eligible for relief from removal because none of his prior convictions qualify as an aggravated felony and that his case should be assigned to another immigration judge. The Attorney General responds that we should remand for the Board to consider whether Lukaj's conviction for aggravated battery qualifies as an aggravated felony under the elements clause of the definition of crime of violence, 18 U.S.C. § 16(a), and if not, to reassess his eligibility for relief from removal. Because *Dimaya* declared void for vagueness the statutory provision used to classify Lukaj's conviction as an aggravated felony, we grant the part of his petition that challenges the denial of his applications for asylum, withholding of removal, and cancellation of removal. But we dismiss Lukaj's petition to the extent that he challenges the denial of his motion for recusal of the immigration judge.

### A. *In the Light of* Dimaya*, We Remand for the Board to Address Whether Villalobos is Eligible for Asylum or Cancellation of Removal.*

Lukaj is a lawful permanent resident of the United States, but he is removable, among other reasons, if he "is convicted of an aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). A conviction qualifies as an aggravated felony if it is "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of

7

imprisonment [is] at least one year." *Id.* § 1101(a)(43)(F). To constitute a "crime of violence" a conviction can involve either "an offense that has an element the use, attempted use, or threatened use of physical force against the person" or an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person may be used in the course of committing the offense." 18 U.S.C. § 16.

While Lukaj's petition was pending, the Supreme Court held that the residual clause of the definition of crime of violence, *id.* § 16(b), is void for vagueness. *Dimaya*, 138 S. Ct. at 1210. In *Dimaya*, the Supreme Court concluded that, like the residual clause that defined the term "violent felony" in the Armed Career Criminal Act, *see Johnson*, 135 S. Ct. 2551, section 16(b) was impermissibly vague because it "call[ed] for a [sentencing] court to identify a crime's 'ordinary case' in order to measure [its] risk" and the provision created "uncertainty about the level of risk that makes a crime 'violent.'" *Dimaya*, 138 S. Ct. at 1215. Because the Supreme Court invalidated section 16(b), that provision cannot serve as the basis for classifying Lukaj's conviction as a crime of violence and as an aggravated felony that makes him ineligible for relief from removal.

We grant that part of Lukaj's petition that challenges the denial of his applications for asylum, withholding of removal, and cancellation of removal, and we remand to the Board. "Generally speaking, a court of appeals should remand a

8

case to an agency for decision of a matter that statutes place primarily in agency hands." *Accardo*, 634 F.3d at 1339 (quoting *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002)). The Board should be given the first opportunity to decide how to classify Lukaj's conviction for aggravated battery and to determine whether he is eligible for asylum, withholding of removal, and cancellation of removal.

### B. We Lack Jurisdiction to Review the Denial of Lukaj's Motion for the Immigration Judge to Recuse.

Lukaj argues that the immigration judge violated his right to due process by refusing to recuse, but "[w]here a constitutional claim has no merit . . . we do not have jurisdiction." *Gonzalez–Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003). To prevail on his claim, Lukaj had to prove that "[he] was deprived of liberty without due process of law and that the purported errors caused [him] substantial prejudice" such that, "in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix*, 605 F.3d at 1143. Lukaj cannot prove he was substantially prejudiced by the immigration judge's refusal to recuse. Lukaj concedes that he is removable, and based on the precedent in effect when the immigration judge entered her order of removal, Lukaj's conviction for aggravated battery with a firearm qualified as an aggravated felony that made him ineligible for relief from removal. Lukaj has not raised a colorable constitutional claim because the outcome of his removal proceeding was

9

unaffected by the immigration judge's alleged hostility. We dismiss the part of Lukaj's petition that challenges the denial of his motion for recusal.

## IV. CONCLUSION

We **GRANT IN PART** and **DISMISS IN PART** Lukaj's petition for review.